UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| SHAKANA PATTERSON § | |
| § | |
| Plaintiffs, § | CIVIL ACTION NO. 1:21-cv-534 |
| v. § | |
| § | |
| DOLLAR GENERAL CORPORATION § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § | |
| § | |
| § | |

## ORIGINAL COMPLAINT

Plaintiff SHAKANA PATTERSON ("Plaintiff" or "Ms. Patterson") by and through her attorneys, ELLWANGER LAW LLLP, brings this action for damages and other legal and equitable relief from Defendant, DOLLAR GENERAL CORPORATION. ("Defendant" or "Dollar General"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42. § 1981, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is a case about a pervasively and persistently biased supervisor Defendant Dollar General employed at its Lago Vista, Texas, store and the discrimination, harassment and abuse that supervisor lodged against Plaintiff, that store's sole Black employee for most of her tenure.

2.      Plaintiff Shakana Patterson worked as a Sales Associate and Key Holder at Defendant's Lago Vista Dollar General store from January 2020 through February 2021. For all but one month of her tenure she was the only Black employee at the store.

3.      In her just over a year as a Dollar General employee, she was subjected to pervasive racial discrimination, harassment, and abuse at the hands of her supervisor, Heather Wille. Wille's racial discrimination against Ms. Patterson ranged from comments about her hair to surveillance of Ms. Patterson to which Ms. Wille did not subject White employees, to harsher discipline against Ms. Patterson for the same alleged offenses for which White employees were given lighter or no discipline, to racial policing of Ms. Patterson's language and conduct, to a persistent refusal to promote and pay Ms. Patterson on the same basis that White employees were promoted and paid.

4.      When Ms. Patterson asked Ms. Wille to stop her racist abuse, the abuse intensified. When Ms. Patterson went to Dollar General corporate Human Resources for help in ending the harassment, they did nothing, and let Ms. Wille know about the complaint. Retaliation against Ms. Patterson ensued.

5.      This is an action brought by Ms. Patterson seeking damages from Defendant for these acts of race discrimination and harassment., Defendant's acts of discrimination are in violation of Title VII, Section 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

**ORIGINAL COMPLAINT**

providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

7. The Court's supplemental jurisdiction is invoked under 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district.

## PARTIES

9. Ms. Patterson is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a Black woman and a resident of Texas.

10. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII and the TLC.

11. Upon information and belief, Defendant employs over five-hundred (500) persons. Defendant maintains a retail store facility at 8017 Bronco Lane, Lago Vista, TX 78645.

12. During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

13. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at multiple facilities located within Texas and within this judicial district, including the Lago Vista facility at which Ms. Patterson was employed.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

14. Ms. Patterson timely filed a Charge of Discrimination and timely filed an Amended Charge of Discrimination with the EEOC.

15. Ms. Patterson received her Notice of Right to Sue letter from the EEOC within ninety (90) days prior to the filing of this Complaint.

## STATEMENT OF FACTS

16. Ms. Patterson worked as a Key Holder and Sales Associate for Dollar General in Lago Vista, Texas from January 2020 until she was constructively discharged on or around February 19, 2021.

17. Ms. Patterson was one of only two Black employees at the Lago Vista location during her tenure. The other Black employee, Georgie Johnson ("Ms. Johnson"), worked at the Lago Vista location less than a month. Over their short employment overlap, Ms. Johnson and Ms. Patterson were, on several occasions, mistaken for one another by White employees.

18. From her first day at Dollar General to her last Ms. Patterson was subjected to targeted racial harassment and discrimination by her supervisor, Lago Vista store Manager Heather Wille.

19. Ms. Wille's discrimination against Ms. Patterson took the form of near-daily hostility and contempt. Ms. Wille regularly surveilled Ms. Patterson while at work but did not similarly surveil White employees.

20. Ms. Patterson was also subjected to disparate treatment based on her race. For example, Ms. Wille did not allow Ms. Patterson to take 15-minute breaks if she worked fewer than 6 hours. However, Ms. Wille allowed similarly situated White employees to take 15-minute breaks.

21. On multiple occasions, Ms. Wille commented about Ms. Patterson's hair. On or around May 23, 2020, Ms. Wille asked if Ms. Patterson was wearing a wig (she was not), then went on to disparage wigs, elaborating that "I don't like wearing those things; they make your hair itch." On or around July 22, 2020, Ms. Patterson wore braids to work. When Ms. Wille saw Ms. Patterson's braids, she asked, "What's all this?" and motioned at Ms. Patterson's hair. Ms. Patterson replied that those were her braids. Ms. Wille criticized the braids, saying, "bunch of craziness going on." Ms. Wille did not similarly question White employees for their choice of hairstyle and even indicated approval of changes in White employees' hairstyle.

22. On multiple occasions, Ms. Wille insulted the intelligence of Ms. Patterson. In one instance, Ms. Wille said that Ms. Patterson "had the common sense of a small animal." On another, Ms. Wille derisively called Ms. Patterson a "goof and silly girl." On yet another instance, Ms. Wille snapped at Ms. Patterson, "Do you know what a Ziplock is?" Upon information and belief, Ms. Wille did not berate or insult White employees in this manner.

23. On numerous occasions, Ms. Wille disciplined Ms. Patterson more harshly than White employees for alleged transgressions.

24. For example, in or around the summer 2020, Ms. Wille called Ms. Patterson a "key thief" after a store cabinet key was accidentally taken home. White employees also accidentally took this key home with them but were never subject to name-calling, insults, or accusations of criminality.

25. In or around early September 2020, Ms. Patterson and a White employee hung up signs on merchandise displayed outside the store. Shortly after, Ms. Wille admonished Ms. Patterson for putting up the signs, calling it against store policy. The White employee was not

admonished by Ms. Wille for putting up the signs outside. Upon information and belief, Ms. Wille knew both Ms. Patterson and the White employee put up the signs together.

26. Also in or around early September 2020, Ms. Wille discovered that the store safe was left open. Ms. Wille assumed that Ms. Patterson left the safe open and she threatened to fire Ms. Patterson. Prior to this, in or around July 2020, a White employee left the safe open. The White employee was not similarly threatened with termination by Ms. Wille for leaving the safe open.

27. Ms. Wille's mistreatment of Ms. Patterson because of her race extended to denying Ms. Patterson promotions on equal terms as her White coworkers, and in pay disparities.

28. Ms. Wille offered White employees promotion opportunities first. Three different White employees were offered the position of Key Holder before Ms. Patterson was asked. These three White employees quit, leaving Ms. Patterson as the only employee with a sufficient tenure to qualify to be Key Holder.

29. Upon her promotion to Key Holder, Ms. Wille required Ms. Patterson to go through training. White employees promoted to Key Holder, however, were not required to go through training.

30. White employees saw promotions reflected immediately in their paycheck. When Ms. Patterson was promoted, Ms. Wille told her that she needed to wait several weeks before her paycheck reflected the promotion.

31. Ms. Wille also gave White employees more work opportunities. When Ms. Patterson requested more work, Ms. Wille responded that Ms. Patterson was not prepared to do certain jobs and tasks, despite on information and belief never invoking such a pretext to deny similar work to similarly situated White employees.

**ORIGINAL COMPLAINT**

32. In or around May 2020, Ms. Wille messaged employees about picking up an extra shift. Ms. Patterson was the only employee not included in Ms. Wille's text, despite requesting extra shifts.

33. On several occasions, Ms. Wille made plain that her disparate treatment of Ms. Patterson was rooted in a general antipathy toward Black people. For example, on or around June 19, 2020, Ms. Patterson wished customers "Happy Juneteenth" in recognition of the state holiday celebrating the emancipation of Black slaves in the United States. Ms. Wille, upon hearing this, looked at Ms. Patterson with disgust, pulled her aside, and warned her not to wish anyone "Happy Juneteenth" again.

34. In or around June 2020, a customer engaged Ms. Patterson in conversation about the recent murder of George Floyd and the Black Lives Matter movement. Ms. Wille, overhearing this conversation, interjected, "All lives matter."

35. Ms. Patterson reported multiple instances of racial discrimination to an intermediate supervisor, Assistant Manager Cary Cosgrove; however, no remedial measures were taken by this supervisor.

36. Ms. Patterson reported Ms. Wille's race-based remarks and treatment to a Temporary Store Manager who was visiting the Lago Vista Store. The Temporary Store Manager confirmed that Ms. Wille had made such remarks; however, no remedial measures were taken by the Temporary Store Manager.

37. On or around July 2020, Ms. Patterson reported the discriminatory treatment and harassment to the Employee Response Center ("ERC"), which is the employee complaint hotline. During this call, Ms. Patterson was told that Ms. Wille's actions constitute discrimination.

ORIGINAL COMPLAINT

38. Despite promises for a follow-up phone call from ERC, Ms. Patterson received none. Further, no remedial action was taken, and Ms. Wille continued to insult and harass Ms. Patterson.

39. After Ms. Patterson made the ERC complaint, Ms. Wille, who became aware of the complaint, began retaliating against Ms. Patterson. In addition to increased surveillance, Ms. Patterson's hours were cut back from 25 to 13.

40. In addition to retaliating by cutting back Ms. Patterson's hours, Ms. Wille threatened to fire Ms. Patterson.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment)

41. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

42. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of race.

43. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Discrimination)

44. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

45. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was discriminated against in promotions and pay and ultimately constructively discharged on the basis of race.

46. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Retaliation)

47. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff engaged in protected activity in reporting the hostile work environment and discrimination and was subjected to retaliation in the form of adverse employment actions increased harassment and constructive discharge from her employment.

49. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981
### (Racial Discrimination)

50. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

51. Defendants violated 42 U.S.C. §1981 which guarantees her the right to "make and enforce contracts," including "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" free from "nongovernmental discrimination" and with "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

52. Plaintiff has suffered emotional damages as a result of Defendants' unlawful racially discriminatory conduct and is therefore entitled to equitable and monetary relief as well as attorneys' fees under 42 U.S.C. §1988.

53. Plaintiff's further requests for relief are set forth below.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Hostile Work Environment)**

54. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

55. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of race.

56. Plaintiff's requests for relief are set forth below.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Discrimination)**

57. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

58. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was discriminated against in promotions and pay and ultimately constructively discharged on the basis of race.

59. Plaintiff's requests for relief are set forth below.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Retaliation)**

60. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

61. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Plaintiff was subjected to a hostile work

environment through denial of promotions and in the terms and conditions of her employment on the basis of race.

62. Plaintiff's requests for relief are set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC").;

B. All damages that Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seek injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Training of all employees regarding racial harassment and discrimination, including the reporting procedures for reporting such harassment, conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any employee who engages in unlawful discrimination, including racial harassment;

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: June 18, 2021

                                              Respectfully submitted,

                                              */s/ Holt M. Lackey*
                                              Holt M. Lackey
                                              Texas State Bar No. 24047763
                                              hlackey@equalrights.law
                                              Jay D. Ellwanger
                                              Texas State Bar No. 24036522
                                              jellwanger@equalrights.law
                                              David W. Henderson

Texas State Bar No. 24032292
dhenderson@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Telephone: (737) 808-2260
Facsimile:  (737) 808-2238